Devin agt. Patchin.

## COURT OF APPEALS.

Maria F. Devin, appellant agt. Mary Grace Patchin, respondent.

In all cases where a *surrogate* is authorized to *award costs*, he must tax the same at the rates allowed for similar services in the court of common pleas in the year 1837. He has no authority to make an arbitrary allowance to *counsel* in lieu thereof.

The *Code* confers no authority on surrogates to award costs in any case in their courts. It is only applicable to cases arising in surrogates' courts after *appeals* have been taken to the supreme court.

Where the surrogate of the city and county of New York decided that the person making application for letters of administration was not the widow of the deceased, but that of the assets of the deceased, (the whole personal estate not exceeding $1,500,) which should come into the hands of the administrator to be appointed, gross sums should be paid to the different counsel who had been engaged before him in the case, amounting in the aggregate to $1,650, besides $160.75 costs of the surrogate. *Held,* that the surrogate had no authority to make such an order; and especially, as the costs were directed to be paid to the counsel instead of the *parties.**

* Note.—A newspaper which published this decision very appropriately remarked that it was analogous to the one decided by a Mohawk river magistrate, who disposed of a suit between litigious neighbors, by deciding, first, that there was no cause of action, and second, *that the constable should pay the costs.*—Rep.

The question of *costs* which has been disposed of by a surrogate in making a final order will be reviewed *on appeal*, although neither party has appealed from his decision on that question.

*March Term*, 1863.

MARIA F. DEVIN presented a petition to the late surrogate of the city and county of New York for the appointment of N. B. Laban as administrator of the goods, chattels and credits of Henry C. Patchin, late of said city, deceased. Mary Grace Patchin, otherwise called Mary Grace Melvin and Mary Grace Sparks, appeared before the surrogate and claimed to be the widow of the deceased, and asked to have letters of administration upon his estate granted to her.

The late surrogate of New York heard the proofs, and thereupon decided that the said Mary Grace Patchin was not the widow of the deceased. He also decided that nothing was due from the public administrator of the deceased. But that out of the assets of the deceased, which should come into the hands of the administrator, " to be appointed," gross sums should be paid to the different counsel who had been engaged before him in the case, amounting in the aggregate to $1,650, besides $160.75 costs of the surrogate.

The petition on which the proceedings were founded showed that the entire value of the personal estate left by the deceased did not exceed $1,500; so Miss Devin not only lost the whole of it by reason of the allowances to the different counsel in the case, but was actually left in debt to the amount of $310.75—being so much worse off than she was when she started to obtain the $1,500 worth of personal estate left by her deceased relative.

Mary Grace Patchin appealed from so much of the orders of the surrogate as declared she was not the widow of the deceased; but neither party appealed from the orders respecting the costs of the proceedings.

The supreme court reversed those parts of the orders

that were appealed from and awarded an issue for the trial by a jury of the question, whether Mary Grace Patchin or Melvin was the wife and is the widow of the deceased.

Maria F. Devin appealed from the decision of the supreme court to the court of appeals, where that decision was so far modified as to declare that Mary Grace Patchin was the lawful wife and is the widow of the deceased.

Opinions were delivered in the court of appeals by SELDEN and BALCOM, J.J. But the latter was the only judge who discussed the question of costs. On this point Judge BALCOM said : " It is proper that we should notice the orders of the surrogate respecting the costs of the proceedings before him. He directed that the administrator, to be appointed, should pay out of the assets of the deceased, the gross sum of $500 to one of the counsel of Mary Grace Patchin, and the further gross sum of $150 to another of her counsel; and the gross sum of $500 to one of the counsel of Maria F. Devin, and the further gross sum of $500 to another of the counsel, besides $160.75 costs of the surrogate. The aggregate of these sums is $310.75 greater than the entire value of the personal estate left by the deceased.

" Where the surrogate found authority for making all these orders respecting costs, is an inquiry more easily made than answered. But it ought to be made, although neither party has appealed from either of such orders. The counsel of each party being similarly situated in respect to the question of costs—that is to say, each having an order for a large fee to be paid out of the same fund, probably did not advise that such orders should be appealed from. But a proper regard for the due administration of the laws of the land, requires that this court should not permit such orders to go unnoticed.

" It is true that the surrogate, in contests before him, may award costs to the party in his judgment entitled thereto, to be paid either by the other party personally or

out of the estate which shall be the subject of the controversy. (2 *Revised Statutes*, 223, *section* 10 ; 3 *Revised Statutes*, *5th edition*, 367, *section* 25.) But in all cases where he is authorized to award costs, he must tax the same at the rates allowed for similar services in the court of common pleas in the year 1837, (3 *Revised Statutes*, *5th edition*, 367, *section* 23 ; *Weston* agt. *Romaine*, 1 *Brad.* 37 ; *Wilcox* agt. *Smith*, 26 *Barbour*, 316.) He has no authority to make an arbitrary allowance to counsel in lieu thereof. (*Burtis* agt. *Dodge*, 1 *Barbour Ch. Reps.* 91 ; 26 *Barbour*, 316.)

"Previous to the Revised Statutes, the surrogate had no authority to award costs in any case, (5 *Cowen*, 719 ; *Shultz* agt. *Pulver*, 3 *Paige*, 182 ; 11 *Wendell*, 363.) The Code confers no such authority on him or his courts. The Code is only applicable to cases arising in surrogates' courts after appeals have been taken to the supreme court. (*Code*, *section* 318; *id.*, *section* 471.)

"The costs awarded in this case were directed to be paid to the counsel instead of the parties. This was an unwarrantable interference with the right of the parties to agree with their counsel upon the amount of compensation the latter should have for their services, and the time and manner such compensation should be paid, and was clearly erroneous. (26 *Barbour*, 316, *supra.*) Besides, the amounts of costs allowed to the counsel probably exceed more than ten-fold any sums that could have been awarded to the parties if taxed, as required by statute ; and it is a little singular that the surrogate should have required the administrator of the estate of the deceased to pay the counsel of Mary Grace Patchin or Melvin anything, after he had decided she was an impostor and not the widow of the deceased.

"But I have said enough in regard to the decision of the surrogate on the question of costs. I hope, however, I

have shown that surrogates cannot lawfully act as almoners of the estates of deceased persons."

All the other judges concurred in the correctness, as well as the justice and propriety of the remarks of Judge BALCOM on the question of costs in the case, although no appeal had been taken from the orders respecting the same; and they were of the opinion such orders were void.